IN THE UNITED STATES DISTRICT COURT
FO R THE EASTERN DISTRICT OF VIRGINIA
**Norfolk Division**



ANDREA D. HOLLAND,

      Plaintiff,

v.

                                             Civil Action No. 2:11cv223

CHASE HOME FINANCE, LLC,
SHAPIRO & BURSON, LLP,
PROF. FORECLOSURE CORP. OF VA., and
JP MORGAN CHASE BANK, N.A.,

      Defendants.

## *MEMORANDUM OPINION AND ORDER*

Before the Court are Defendants Chase Home Finance LLC and JP Morgan Chase Bank,

N.A.'s (collectively "Chase") Motion to Dismiss, pursuant to Federal Rule of Civil Procedure

12(b)(6); Defendants Professional Foreclosure Corporation of Virginia ("PFC") and Shapiro &

Burson, LLP's ("Shapiro & Burson") Motion to Dismiss Complaint, pursuant to Federal Rule of

Civil Procedure 12(b)(6); and Plaintiff Andrea D. Holland's ("Plaintiff") Motion for Leave to

Amend and Motion for Remand Pursuant to 28 U.S.C. § 1447(C).  These matters have been fully

briefed by the Parties and are ripe for judicial determination.  For the reasons stated herein,

Plaintiff's Motion for Remand is **DENIED**; both Chase's and PFC and Shapiro & Burson's

Motions to Dismiss are **GRANTED**; and Plaintiff's Motion to Amend is **DENIED**. Accordingly,

Plaintiff's Amended Complaint is hereby **DISMISSED**.

1

## I. FACTUAL AND PROCEDURAL HISTORY

On August 20, 2010, Plaintiff filed a Petition to Set Aside Foreclosure Sale in the Circuit Court of the City of Portsmouth, seeking to set aside the foreclosure sale of her home by PFC, the substitute trustee for Chase, which occurred on May 5, 2010. On February 17, 2011, after repurchasing her home, Plaintiff filed an Amended Complaint in the Circuit Court of the City of Portsmouth ("Portsmouth Circuit Court"), withdrawing her petition to set aside foreclosure sale, and seeking to recover monetary damages from Chase, Shapiro & Burson, as attorneys for Chase, and PFC, as substitute trustee, (collectively, "Defendants") based upon negligence, fraud, and allegedly abusive, deceptive, and unfair debt collection practices specifically prohibited by state law and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* In her Amended Complaint, Plaintiff alleges, *inter alia*, that Defendants Chase and PFC violated 15 U.S.C. § 1692g(a)[1] by failing to provide Plaintiff with notice of her debt, and that Defendants Chase knowingly provided Plaintiff with false or misleading information in connection with her debt in

---

[1] 15 U.S.C. § 1692g(a) provides: "Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
   (1) the amount of the debt;
   (2) the name of the creditor to whom the debt is owed;
   (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
   (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
   (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

2

violation of 15 U.S.C. § 1692e.[2] Am. Compl. ¶¶ 42, 45.  Accordingly, Plaintiff seeks to recover $65,000 in actual damages and $50,000 in punitive damages, in addition to reasonable attorney's fees and costs associated with the litigation. Am. Compl. at 13.

On April 20, 2011, this case was removed from the Portsmouth Circuit Court to the United States District Court for the Eastern District of Virginia, Norfolk Division, pursuant to 28 U.S.C. §§ 1441 and 1446.  Jurisdiction for removal was based upon 28 U.S.C. § 1331 because Plaintiff's Amended Complaint alleges causes of action arising under the laws of the United States.  On April 27, 2011, Defendants Chase and Defendants PFC and Shapiro & Burson filed separate Motions to Dismiss Plaintiff's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6). Although Plaintiff's responses to Defendants' Motions were due on May 12, 2011, Plaintiff filed an untimely Response in Opposition to Defendants' Motions on June 3, 2011, without leave of the Court.  Defendants Chase and Defendants PFC and Shapiro & Burson filed separate Replies to Plaintiff's Opposition on June 10, 2011 and June 9, 2011, respectively.

On May 17, 2011, Plaintiff filed a Motion for Remand Pursuant to 28 U.S.C. § 1447(C), seeking to remand this case to the Portsmouth Circuit Court for lack of subject matter jurisdiction. On May 20, 2011, Plaintiff also filed a Motion for Leave to Amend, seeking to amend her Amended Complaint to comply with the requirements of Rule 12(b)(6).  On May 31, 2011, Defendants Chase and Defendants PFC and Shapiro & Burson filed separate Responses in Opposition to Plaintiff's Motion for Remand; and on June 3, 2011, Defendants Chase and Defendants PFC and Shapiro & Burson filed separate Responses in Opposition to Plaintiff's

---

[2]15 U.S.C. § 1692e provides, in relevant part: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

3

Motion for Leave to Amend.  Plaintiff did not file replies to Defendants' Oppositions to her Motions.  Accordingly, these matters are now ripe for judicial determination.

## II. LEGAL STANDARD

### A.    Remand Pursuant to 28 U.S.C. §1447(c)

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441.  A federal district court has original subject matter jurisdiction over a case where the matter involves a federal question arising "under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331; *see also Pinkley, Inc. v. City of Frederick, Md.*, 191 F.3d 394, 399 (4th Cir. 1999) ("Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction.").  Under the jurisdictional grant of 28 U.S.C. § 1331, a case unequivocally "arises under" federal law where federal law creates the cause of action. *Dixon v. Coburg Dairy, Inc.*, 369 F.3d 811, 816 (4th Cir. 2004).  However, a case may also "arise under" federal law where "the vindication of a right under state law necessarily turn[s] on some construction of federal law," *id.* (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)), but "only [if] ... the plaintiff's right to relief necessarily depends on a *substantial* question of federal law;" *id.* (quoting *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 28 (1983)).  Thus a plaintiff seeking to assert federal jurisdiction over a claim created by state law must establish: "1) that the plaintiff's right to relief necessarily depends on a question of federal law, and (2) that the question of federal law is substantial." *Dixon*, 369 F.3d at 816.  "A plaintiff's right to relief for a given claim necessarily

4

depends on a question of federal law only when *every* legal theory supporting the claim requires the resolution of a federal issue." *Id.*

Once a case has been removed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded" back to the state court where it originated. 28 U.S.C. §1447(c). Because removal jurisdiction raises federalism concerns, the removal statutes must be strictly construed. *Mulcahey v. Columbia Organic Chem. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). If federal jurisdiction is doubtful, remand to state court is required. *Id.* The court may require the removing party to pay costs and expenses, including attorney fees, incurred due to the removal. 28 U.S.C. §1447(c).

## B.    Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. For purposes of a Rule 12(b)(6) motion, courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference. *See Simons v. Montgomery Cnty. Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985). Courts will favorably construe the allegations of the complainant and assume that the facts alleged in the complaint are true. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a court "need not accept the legal conclusions drawn from the facts," nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc., v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). A complaint need not contain "detailed factual allegations" in order to survive a motion to dismiss, but the complaint must incorporate "enough facts to state a belief that is plausible on its face." *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

5

This plausibility standard does not equate to a probability requirement, but it entails more than a mere possibility that a defendant has acted unlawfully. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). Accordingly, the plausibility standard requires a plaintiff to articulate facts that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible she is entitled to relief. *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949, and *Twombly*, 550 U.S. at 557).

## C. Leave to Amend Pursuant to Federal Rule of Civil Procedure 15(a)

Leave to amend should be "freely given" to a party "when justice so requires." Fed. R. Civ. P. 15(a). "Motions to amend are typically granted in the absence of an improper motive, such as undue delay, bad faith, or repeated failure to cure a deficiency by amendments previously allowed." *Harless v. CSX Hotels, Inc.*, 389 F.3d 444, 448 (4th Cir. 2004); *see also Davis v. Piper Aircraft Corp.*, 615 F.2d 606, 613 (4th Cir. 1980) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *Connelly v. Gen. Med. Corp.*, 880 F. Supp. 1100, 1109 (E.D. Va. 1995) (citation omitted). The disposition of a motion to amend is committed to the sound discretion of the Court. *See Murray v. State Farm Fire & Cas. Co.*, 870 F.Supp. 123, 125-26 (S.D.W.Va.1994) (citing *Foman*, 371 U.S. at 182). "[T]o justify a denial of such leave [to amend], it must appear to the Court that the amendment is futile, offered in bad faith, prejudicial or otherwise contrary to the interests of justice." *Roper v. County of Chesterfield*, 807 F. Supp. 1221, 1223 (E.D. Va. 1992).

## III. DISCUSSION

### A. Plaintiff's Motion to Remand

Plaintiff seeks to have this case remanded to the Portsmouth Circuit Court for lack of

subject matter jurisdiction.  Specifically, Plaintiff asserts that the claims contained in her Amended Complaint are claims for breach of contract, negligence, and fraud, all of which are governed by state law.  Although Plaintiff concedes that the Deed of Trust for her mortgage requires Defendants to comply with federal law, she argues that her state law claims do not depend on resolution of a substantial question of federal law.

Although Plaintiff maintains that her Amended Complaint is based only in state law, a closer look at the Amended Complaint reveals that Plaintiff has asserted claims under both state and federal law.  In fact, Plaintiff clearly labels one section of her Amended Complaint "State Law" and another "Federal Law." *See* Am. Compl. at 7, 8.  Under the "Federal Law" section of Plaintiff's Amended Complaint, Plaintiff advances claims under the Fair Debt Collection Practices Act ("FDCPA"), which prohibits the use of abusive, deceptive, and unfair debt collection practices by debt collectors.  Specifically, Plaintiff alleges that the FDCPA "was intended for this situation, creating the Plaintiff's right to this action." Am. Compl. ¶ 33.  Plaintiff cites to the section of the FDCPA governing Validation of Debts, 15 U.S.C. § 1692g, claiming that she was not provided with the required notices under the Act. Am. Compl. ¶¶ 40, 42, and to the section of the FDCPA governing False or Misleading Representations, 15 U.S.C. § 1692e, alleging that Chase provided her with false information by telling her that it would modify her loan and remove her home from the foreclosure list, Am. Compl. ¶ 45.  Based upon the numerous paragraphs in the Amended Complaint dedicated to outlining the requirements under the FDCPA and how Defendants violated the Act's specific provisions, it is clear that Plaintiff intended to bring a private cause of action

under the FDCPA, as permitted by 15 U.S.C. § 1692k.[3]

Accordingly, the Court finds that, because Plaintiff's Amended Complaint raises a cause of action under the FDCPA, giving the Court original subject matter jurisdiction over the case, the Court need not reach the question of whether Plaintiff's state law claims depend on the resolution of a substantial question of federal law. *See* 28 U.S.C. § 1367(a) ("[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."); *see also Shanaghan v. Cahill*, 58 F.3d 106, 109 (4th Cir. 1995) ("Supplemental jurisdiction thus allows parties to append state law claims over which federal courts would otherwise lack jurisdiction, so long as they form part of the same case or controversy as the federal claims." (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966))). Thus, Plaintiff's Motion to Remand is **DENIED** because this case is properly before this Court under federal question jurisdiction.

## B.    Defendants' Motion to Dismiss

Having concluded that this Court has subject matter jurisdiction over the case, the Court turns to the substance of Plaintiff's Amended Complaint. Defendants Chase and Defendants PFC and Shapiro & Burson separately assert that Plaintiff's Amended Complaint should be dismissed

---

[3]15 U.S.C. § 1692e provides, in relevant part: "Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of— (1) any actual damage sustained by such person as a result of such failure . . . the costs of the action, together with a reasonable attorney's fee as determined by the court. . . ."

8

for failure to state a claim upon which relief can be granted, pursuant to Federal Rule of Civil Procedure 12(b)(6). Specifically, Chase seeks to dismiss Plaintiff's claims for negligence, fraud, emotional distress, and violations of the FDCPA. Similarly, PFC and Shapiro & Burson also seek to dismiss Plaintiff's claims for negligence, emotional distress, and violations of the FDCPA. Additionally, all Defendants argue that Plaintiff is not entitled to punitive damages or attorney's fees as sought in her Amended Complaint. The Court addresses the sufficiency of Plaintiff's Amended Complaint with respect to each of these issues in turn.

### 1.    Plaintiff's Claims of Negligence

Plaintiff alleges that Defendants were negligent in the manner in which they conducted the foreclosure sale of her home. Specifically, Plaintiff alleges that Defendants Chase reassured her that they would work with her to modify her loan and that her home would be removed from the foreclosure list and that Defendants PFC and Shapiro & Burson failed to provide her with actual notice of the foreclosure sale. Am. Compl. ¶¶ 24-25. Defendants Chase allege that Plaintiff failed to state a claim for negligence because she fails to allege the existence of a legal duty or any breach of such duty. Similarly, Defendants PFC and Shapiro & Burson claim that Plaintiff has failed to state a claim for negligence against them because she has alleged a duty based upon contract rather than tort law.

To establish a claim for negligence under Virginia law, the plaintiff must satisfy three elements: (1) "the identification of a legal duty of the defendant to the plaintiff;" (2) "a breach of that duty;" and (3) "injury to the plaintiff proximately caused by the breach." *Talley v. Danek Med., Inc.*, 179 F.3d 154, 157 (4th Cir. 1999). "Under Virginia law, '[t]he standard of conduct to which a party must conform to avoid being negligent is that of a reasonable man under like

9

circumstances." *Id.* at 157-58 (quoting *Moore v. Va. Transit Co.*, 50 S.E.2d 268, 271 (Va. 1948) (citation and internal quotation marks omitted)). Furthermore, "[d]uty is not an abstract concept but is always tied to a particular individual or class of persons to which an individual belongs. In determining whether a duty exists, the Court considers factors including foreseeability of harm, the likelihood of injury, the magnitude of the burden of guarding against that injury, and the consequences of placing such a burden on the defendant." *Jappell v. Am. Ass'n of Blood Banks*, 162 F. Supp. 2d 476, 480 (E.D. Va. 2001) (internal citations omitted).

As to Defendants Chase, Plaintiff fails to allege any legal duty Chase owed to Plaintiff, but merely alleges that Chase made certain fraudulent statements. *See* Am. Compl. ¶ 24. Accordingly, Plaintiff also fails to allege a breach of that duty. As to Defendants PFC and Shapiro & Burson, Plaintiff appears to allege a legal duty based upon Section 55-59.1 of the Code of Virginia. *See* Am. Compl. ¶ 27. Section 55-59.1 requires that the trustee or secured party provide written notice of the time, date, and place of any proposed foreclosure sale to the owner of the property. Furthermore, the statute provides that "[m]ailing of a copy of the advertisement or a notice containing the same information to the owner by certified or registered mail no less than 14 days prior to such sale . . . shall be a sufficient compliance with the requirement of notice." Va. Code Ann. § 55-59.1(A). Plaintiff admits that Defendants PFC and Shapiro & Burson sent her a letter by certified mail stating that her home would be sold in two weeks; however, Plaintiff states that she never received the letter because she was a victim of mail theft. *See* Am. Compl. ¶¶ 16, 22. Thus, even if the notice requirements of § 55-59.1 do give rise to a legal duty, *see Perlin v. Chappell*, 96 S.E.2d 805, 808 (Va. 1957) ("[A] 'statute is not necessary to establish the duty of ordinary care. Such duty may arise from statute, from a municipal ordinance, or from the relation

10

of the parties.'" (citation omitted)), Plaintiff failed to allege any breach of that duty under the statute. Therefore, because Plaintiff failed to establish a legal duty Defendants Chase owed or breach of a legal duty by Defendants PFC and Shapiro & Burson, Plaintiff's pleadings are insufficient to withstand dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). Accordingly, Defendants Chase's Motion to Dismiss and Defendants PFC and Shapiro & Burson's Motion to Dismiss Plaintiff's claims of negligence are **GRANTED**.

### 2.   Plaintiff's Claim of Fraud

Plaintiff asserts in her Amended Complaint that Defendants Chase committed fraud by making fraudulent statements that: (1) Plaintiff had to be behind on her payments before she could get a loan modification; (2) Chase would work with Plaintiff on modification of her loan; and (3) Chase would remove Plaintiff's home from the foreclosure list. Am. Compl. ¶ 24. Plaintiff claims to have relied on these statements and, as a result, her home was sold at foreclosure auction. Am. Compl. ¶ 24. Defendants Chase assert that Plaintiff failed to state a claim for fraud because she failed to identify any false representations Chase made and also failed to allege any specific facts indicating that Chase made any fraudulent representations with the intent to mislead.

Under Virginia law, a plaintiff alleging a claim for fraud must establish: "(1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to the party misled." *Nahigian v. Juno Loudoun, LLC*, 684 F. Supp. 2d 731, 738 (E.D. Va. 2010) (quoting *State Farm Mut. Auto. Ins. Co. v. Remley*, 618 S.E.2d 316, 321 (Va. 2005)). Furthermore, Federal Rule of Civil Procedure 9(b) requires that claims for fraud be pleaded with the requisite particularity. *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the

11

circumstances constituting fraud or mistake."). The United States Court of Appeals for the Fourth Circuit has instructed that a plaintiff alleging fraud must "at a minimum, describe 'the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby.' These facts are often 'referred to as the 'who, what, when, where, and how' of the alleged fraud.'" *Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 379 (4th Cir. 2008) (internal citations omitted).

Taking as true the facts Plaintiff alleged, the Court finds that Plaintiff has alleged the existence of a false representation.  Specifically, Plaintiff alleges that Chase told her that it would remove her from the foreclosure list, but that she was not removed from the list because her home was foreclosed upon.  However, Plaintiff fails to allege any facts to demonstrate that this statement was made intentionally and knowingly or that the statement was made with the intent to mislead. Plaintiff does not provide any assertions that Chase knew, at the time it made the allegedly fraudulent statement, that Plaintiff would not be removed from the foreclosure list.  Further, Plaintiff's own allegations establish that Chase was not aware that Plaintiff's home was going to be sold at a foreclosure auction.  *See* Am. Compl. ¶ 11 ("Chase Representatives with whom Plaintiff spoke were not aware (and would not be aware until after the foreclosure sale) that Plaintiffs's home was going to be sold at foreclosure").  *Cf. Station # 2, LLC v. Lynch*, 695 S.E.2d 537, 540 (Va. 2010) ("In general, 'if a defendant makes a promise that, when made, he has no intention of performing, that promise is considered a misrepresentation of present fact and may form the basis for a claim of actual fraud.'" (citation omitted)).  Furthermore, the pleadings provide no indication that Chase provided Plaintiff with this representation with the intent to mislead her.  Thus, the Court finds that Plaintiff's Amended Complaint fails to establish the requisite elements of common

12

law fraud under Virginia law.  Accordingly, Defendants Chase's Motion to Dismiss and

Defendants PFC and Shapiro & Burson's Motion to Dismiss are **GRANTED** as to Plaintiff's

claims of common law fraud.

### 3.   Plaintiff's Claims Under the Fair Debt Collection Practices Act

As previously discussed, Plaintiff alleges a cause of action under the FDCPA.  As to

Defendants Chase, Plaintiff asserts that Chase violated Section 1692e of the Act, which prohibits

the use of "false, deceptive, or misleading representation or means in connection with the

collection of any debt."  15 U.S.C. § 1692e.  Plaintiff also claims that PFC and Shapiro & Burson

violated Section 1692g of the Act, which requires a debt collector to send the consumer written

notice of the debt owed.  15 U.S.C. § 1692g.  Chase argues that the provisions of the FDCPA do

not apply to it as it is not a "debt collector" within the meaning of the statute.  Similarly, PFC and

Shapiro & Burson claim that the FDCPA does not apply to repossession agents, like them, whose

only role in the debt collection process is the enforcement of security interests.

Sections 1692e and 1692g of the FDCPA apply only to "debt collectors."  *See* 15 U.S.C. §§

1692e, 1692g; *see also Scott v. Wells Fargo Home Mortg. Inc.*, 326 F. Supp. 2d 709, 717 (E.D. Va.

2003) ("It is well-settled that provisions of the FDCPA generally apply only to debt collectors.

And, creditors are not liable under the FDCPA." (internal citations omitted)).  The FDCPA defines

a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails

in any business the principal purpose of which is the collection of any debts, or who regularly

collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or

due another."  15 U.S.C. § 1692a(6).  By contrast, the Act defines a "creditor" as "any person who

offers or extends credit creating a debt or to whom a debt is owed."  Plaintiff makes no allegation

13

that Chase is a "debt collector" as defined under the FDCPA. In fact, Plaintiff specifically pleaded that Chase originated and held the note secured by her home, which was eventually sold at a foreclosure auction. *See* Am. Compl. ¶ 1. The FDCPA requires a "debt collector" to be engaged in the collection of debts owed to *another* and not in the collection of its own debts. *See, e.g., Eley v. Evans*, 476 F. Supp. 2d 531, 534 (E.D. Va. 2007) (holding that defendants were not "debt collectors" within the meaning of the FDCPA where they were "collecting or attempting to collect on a debt that was owed, due, or asserted to be owed or due, and that originated with them."). Furthermore, Plaintiff failed to plead any facts which would indicate that the principle purpose of Chase's business is the collection of debts. Accordingly, the Court finds that Chase does not qualify as a "debt collector" as that term is used in the FDCPA.

Additionally, under the FDCPA, the term "debt collector" includes those "who use[] any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests" only for the purposes of § 1692f(6). 15 U.S.C. § 1692a(6). Accordingly, this Court has held that "[r]epossession agents and agencies, whose only role in the debt collection process are the enforcement of security interests, generally fall outside of the ambit of the FDCPA, except for the provisions of § 1692f(6)." *Eley*, 476 F. Supp. 2d at 534. In her Amended Complaint, Plaintiff alleges that Defendants PFC and Shapiro & Burson serve as substitute trustee in foreclosure sales for mortgage lenders. *See* Am. Compl. ¶ 2. However, Plaintiff has not alleged that PFC and Shapiro & Burson violated § 1692f(6) of the FDCPA, but only alleges violations under § 1692g. Thus, Plaintiff cannot maintain an action against PFC and Shapiro & Burson, as repossession agents, under the Act.

Furthermore, Plaintiff fails to allege that PFC and Shapiro & Burson are engaged in

14

business the principal purpose of which is the collection of debts or that they regularly collect or attempt to collect debts owed another as required under the Act. *Cf. Wilson v. Draper & Goldberg, P.L.L.C.*, 443 F.3d 373, 378 (4th Cir. 2006) ("[Section 1692a(6)] is not an exception to the definition of debt collector, it is an inclusion to the term debt collector. It serves to include as debt collectors, for the purposes of § 1692f(6), those who only enforce security interests. It does not exclude those who enforce security interests but who also fall under the general definition of 'debt collector.'"). Although it is clear from Plaintiff's pleadings that PFC and Shapiro & Burson are engaged in the business of enforcing security interests, it is not clear whether they would otherwise meet the definition of "debt collector" under the FDCPA. Plaintiff alleges only that Shapiro & Burson "represents mortgage lenders with regard to foreclosures, bankruptcies, evictions, and related litigation matters" and that PFC serves as substitute trustee in foreclosure sales for mortgage lenders who are clients of Shapiro & Burson. *See* Am. Compl. ¶ 2. Thus, the Court finds that Plaintiff has not alleged sufficient facts to establish that Defendants PFC and Shapiro & Burson satisfy the definition of "debt collector" as that term is used under the FDCPA. Accordingly, Plaintiff fails to state a claim under the FDCPA against Defendants Chase and Defendants PFC and Shapiro & Burson because Plaintiff failed to plead sufficient facts to establish that Defendants meet the definition of "debt collector" as that term is used in the statute. Therefore, Defendants Chase's Motion to Dismiss and Defendants PFC and Shapiro & Burson's Motion to Dismiss Plaintiff's claims under the FDCPA are **GRANTED**.

### 4.    Plaintiff's Claims for Emotional Distress

Plaintiff alleges that she sustained severe emotional trauma when she was informed that her home had been foreclosed on. *See* Am. Compl. ¶ 47. However, Plaintiff's Amended Complaint

15

does not appear to purport to raise a claim for intentional infliction of emotional distress. *See* Am.
Compl. at 2 ("This is an action for: (a) negligence; and, (b) fraud in violation of Virginia and
Federal Law."). To the extent that Plaintiff does seek to raise a claim for intentional infliction of
emotional distress, the Court grants Defendants Chase's Motion to Dismiss and Defendants PFC
and Shapiro & Burson's Motion to Dismiss. In order to establish the tort of intentional infliction of
emotional distress under Virginia law, a plaintiff must demonstrate: (1) "the wrongdoer's conduct
is intentional or reckless;" (2) "the conduct is outrageous and intolerable;" (3) "the alleged
wrongful conduct and emotional distress are causally connected;" and (4) "the distress is severe."
*Russo v. White*, 400 S.E.2d 160, 162 (Va. 1991). Although Plaintiff pleaded that she was
prescribed anti-depressants as a result of the sale of her home and describes the consequences
associated with her distress, she fails to allege any facts which would demonstrate that Defendants'
actions were intentional or reckless or outrageous and intolerable. *See id.* ("Liability has been
found only where the conduct has been so outrageous in character, and so extreme in degree, as to
go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable
in a civilized community."). Accordingly, the Court finds that Plaintiff also fails to state a claim
for intentional infliction of emotional distress such that Defendants Chase's Motion to Dismiss and
Defendants PFC and Shapiro & Burson's Motion to Dismiss are **GRANTED** as to Plaintiff's
claims for intentional infliction of emotional distress, if any. Further, having dismissed all of
Plaintiff's substantive claims for relief, the Court finds no need to address whether Plaintiff is
entitled to attorney's fees or punitive damages

## C.     Plaintiff's Motion for Leave to Amend

Plaintiff seeks leave to amend her Amended Complaint that she filed in state court which

has now been removed to this Court. Plaintiff alleges that she wrote her Amended Complaint to a standard sufficient in state court, but insufficient to meet the particularity requirements for federal court. Thus, Plaintiff seeks to amend her Amended Complaint to comply with the pleading requirements of federal court. Defendants Chase and Defendants PFC and Shapiro & Burson oppose Plaintiff's Motion for Leave to Amend, claiming that amendment would be futile and that Plaintiff has demonstrated bad faith in filing her Motion for Leave to Amend after the deadline for response to Defendants' Motions to Dismiss expired. Specifically, Defendants argue that because Plaintiff's Amended Complaint does not allege facts which state a cause of action, pleading with more particularity would be futile. Furthermore, Defendants claim that, because Plaintiff failed to file any response to Defendants' Motions to Dismiss by the May 11, 2011 deadline, Defendants would be prejudiced if the Court allows Plaintiff to amend her Amended Complaint before addressing the merits of the Motion to Dismiss. Although Plaintiff seeks leave to amend her Amended Complaint to satisfy the particularity requirements of federal court, Plaintiff fails to allege how she would amend her Amended Complaint in order to adequately address the deficiencies in her pleadings articulated above. Plaintiff has had ample opportunity to respond to Defendants' substantive arguments but has repeatedly failed to do so. Thus, the Court finds that it would be futile to allow Plaintiff leave to amend her Amended Complaint. Accordingly, Plaintiff's Motion for Leave to Amend is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, Plaintiff's Motion for Remand is **DENIED**. Defendants Chase's Motion to Dismiss and Defendants PFC and Shapiro & Burson's Motion to Dismiss Complaint are both **GRANTED** and Plaintiff's Amended Complaint is **DISMISSED**.

17

Furthermore, having found that amendment would be futile, Plaintiff's Motion for Leave to Amend is **DENIED.**

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel and parties of record.

**IT IS SO ORDERED**.

_____
Raymond A. Jackson
United States District Judge

Norfolk, Virginia
September  9  , 2011

18